UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLIS STEPHENS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:09CV02131 AGF |
| ARCTIC CAT INC., | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Arctic Cat Inc.'s Motion to Dismiss Plaintiff Carlis Stephens' First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court will grant Defendant's motion in part, without prejudice, and allow Plaintiff time to amend his complaint.

## I. BACKGROUND

On December 31, 2009, Defendant removed this action to federal court based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. On February 12, 2010, Plaintiff filed his First Amended Complaint (Doc. 16) against Defendant. In Count I, Plaintiff asserts claims for breach of warranty, breach of the implied warranty of merchantability, and violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.* In Count II he asserts claims under the Missouri Merchandising Practices Act ("MWPA"), § 407.020 R.S.Mo. The factual allegations as set forth in Plaintiff's First Amended Complaint are as follows:

On November 16, 2005, Plaintiff purchased a 2005 Arctic Cat 500 4XA All Terrain Vehicle (hereinafter referred to as the "ATV") from Boat & ATV World in Collinsville, Mississippi for $6,801. Plaintiff made a cash payment of $2,375, and financed the balance of $4,426. Plaintiff also purchased upgraded tires for the ATV, which were offered as accessories by Defendant. Plaintiff paid off the ATV in 2007, incurring an additional $575.84 in finance charges. Plaintiff alleges in Count I that the vehicle was a "consumer product" pursuant to 15 U.S.C. § 2301(1), and alleges in Count II that he purchased the ATV "primarily for personal, family or household purposes, and not a business purpose." (Doc. 16, §§ 25, 36).

Boat & ATV World provided Plaintiff with a written 6-month warranty, and an 18-month Arctic Cat, Cat Care U.S.A. Extended Warranty on the ATV, both of which Plaintiff contends covered the ATV's frame, in addition to most other features. Approximately three days after Plaintiff purchased the ATV, the drive shaft stripped where it connected with the rear differential. Plaintiff took the ATV back to Boat & ATV World for repairs, where it was fixed under warranty. A few days later, Plaintiff noticed a leak in the differential seal and that the fuel sending unit stopped working. Plaintiff again took the ATV to Boat & ATV World, where it was repaired under warranty. Within the next few days, the ATV started leaking gas. Plaintiff again took the vehicle to Boat & ATV World, where it was repaired under warranty.

Several weeks later, Plaintiff brought the ATV back to St. Louis, Missouri, and noticed that the ATV began leaking oil. Plaintiff took the ATV to Brannans Marine & Motorsports, an authorized Arctic Cat dealer, located in Fenton, Missouri. Brannans

2

fixed the ATV under warranty and returned it to Plaintiff. Approximately one year later, Plaintiff noticed that the ATV needed new bushings and that the wheel bearings were getting dry. Plaintiff also noticed that the ATV had developed cracks in the frame beneath the seat. Plaintiff took the ATV to Pro Dirt Cycles in Wentzville, Missouri for repairs. Pro Dirt fixed the bushing and wheel bearings under warranty, but stated it was not qualified to fix the cracks in the frame.

While Plaintiff was visiting New Mexico, Plaintiff called one of Defendant's dealers, Desert Green, to complain about the cracked frame. Plaintiff told a representative of Desert Green that he intended to weld the frame so he could continue using the ATV. Desert Green then called Defendant and was instructed by Defendant to take photographs of the ATV before Plaintiff welded the frame. Neither Defendant nor Desert Green advised Plaintiff not to weld the frame. Shortly after Desert Green took photographs of the ATV, including photographs of the frame, Plaintiff welded the frame himself.

Thereafter, Plaintiff received a call from Defendant's representative, "Travis." Plaintiff told Travis he wanted Defendant to replace the ATV. Travis told Plaintiff that Plaintiff had voided the warranty by using tires that were "too aggressive" for the ATV. Plaintiff advised Travis that Defendant itself advertised these particular tires as being compatible with the ATV, and specifically held out these tires as being accessories. Travis said he would get back to Plaintiff, but Plaintiff was never contacted. Thereafter, Plaintiff made several telephone calls to Defendant's warranty department, which were never returned. Plaintiff threatened to file a lawsuit and was transferred to "Judy" in

Defendant's legal department. Plaintiff told Judy he wanted Defendant to pay for a replacement frame or a new ATV. Judy told Plaintiff that because he modified the ATV by welding it, the warranty had been voided.

In the spring of 2008, Plaintiff paid Brannans out of his own pocket to replace the ATV's frame with a brand new frame. In the fall of 2008, the second frame cracked as well. Plaintiff called Brannans after the second frame cracked and asked if it was covered by the warranty. Brannans called Defendant and told him the second frame was not warranted because Plaintiff had overloaded the ATV. Plaintiff stopped driving the ATV in December 2008.

## II.  MOTION TO DISMISS STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) (quoting Neitzke v. Williams, 490 U.S. 319, 326-27 (1989)). To survive a motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Although a complaint generally need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Id. at 556. As the United States Supreme Court recently reiterated in Ashcroft v. Iqbal, 129 S. Ct. 1937,

4

1949 (2009), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly.

Under this standard, the task of a court is "to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (citing Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (noting "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible"). "This is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 129 S. Ct. at 1950).

Upon considering a motion to dismiss a federal "court must accept as true all of the allegations in a complaint" that are applicable to legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). However, pleadings which present "no more than conclusions, are not entitled to the assumption of truth." Id.

### III. DISCUSSION

Consideration of Materials Outside of the Pleadings

As a preliminary matter, the Court notes that Defendant has supported its Motion to Dismiss with materials that are not attached to Plaintiff's First Amended Complaint. Defendant has attached the Affidavit of Judy J. Stavenes, the legal coordinator for Defendant, which contains the following exhibits: (1) a document entitled "ATV Rider Training Certificate & Owner Registration;" (2) a copy of the hangtag and warning label allegedly attached to ATVs prior to their sale; and (3) a copy of the warranties contained

5

within the ATV operator's manual. (Doc. 23-1.) These attached exhibits are not sworn to, or certified. Id. Defendant has also attached a copy of a September 29, 2009 demand letter from John Fischesser, II, counsel for Plaintiff, to Defendant, containing documentation that Mr. Fischesser alleges supports Plaintiff's damages. (Doc. 23-2.)

"[I]n considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n. 4 (8th Cir. 2003) (referring to writings that may be viewed as attachments to a complaint, such as the contracts upon which his claim rests). See also Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006) (citing Fed. R. Civ. P. 10(c) and noting that "written instruments attached to the complaint become part of it for all purposes. For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.") (citations omitted).

The documents attached to Defendant's Motion to Dismiss were not exhibits attached to the complaint, nor were they "necessarily embraced by the pleadings." In paragraph 8 of the First Amended Complaint, Plaintiff states that "Boat and ATV World provided Plaintiff with a written 6-month warranty, and an 18-month Arctic Cat, Cat Care U.S.A. Extended Warranty on the vehicle." On this record, it is not clear that the "Limited Warranty" and "Emission Control Warranty," attached as Group Exhibit 3 to Ms. Stavenes' Affidavit are the Boat and ATV World 6-month warranty or the 18-month Arctic Cat warranty embraced by the pleadings. Accordingly, the Court will not rely on

those materials in resolving the pending motion to dismiss, and, therefore will not convert the motion to a motion for summary judgment under Fed. R. Civ. P. 12(d).

Plaintiff has also supported his Memorandum in Opposition to Defendant's Motion to Dismiss with an Affidavit of Plaintiff (Doc. 27-1), which was not attached to Plaintiff's First Amended Complaint, nor was it "necessarily embraced by the pleadings." As with the Affidavit of Judy J. Stavenes, the Court will not rely on those materials in resolving the pending motion to dismiss.

The Court will, however, consider the exhibit attached to the First Amended Complaint (Doc. 16-1), entitled "Sales Deal Summary," in resolving the motion to dismiss. <u>Great Plains Trust Co. v. Union Pac. R. Co.</u>, 492 F.3d 986, 990 (8th Cir. 2007); <u>Abels v. Farmers Commodities Corp.</u>, 259 F.3d 910, 921 (8th Cir. 2001); <u>Morton v. Becker</u>, 793 F.2d 185, 187 (8th Cir. 1986).

<u>Claim for Incidental and Consequential Damages</u>

Defendant moves to dismiss Plaintiff's claim for incidental and consequential damages because it alleges that Plaintiff agreed such a remedy was excluded by express written warranties arising out of Plaintiff's purchase of the Arctic Cat ATV. In support of its assertion that the contracts sued on exclude recovery of such damages, Defendant references the Affidavit of Ms. Stavenes. However, as discussed above, reliance on Ms. Stavenes' Affidavit at this stage of the proceedings would be inappropriate.

Defendant also moves to dismiss Plaintiff's claim for these damages because Plaintiff failed to allege any facts that incidental and consequential damages were within the contemplation of the parties at the time of the sale of the ATV, and has therefore

7

failed to give fair notice of the grounds on which it claims such damages and has a right to relief. Incidental damages include "any reasonable expense incident to the breach." General Elec. Capital Corp. v. Rauch, 970 S.W.2d 348, 358 (Mo. Ct. App. 1998). Consequential damages "are those damages naturally and proximately caused by the commission of the breach and those damages that reasonably could have been contemplated by the defendant at the time of the parties' agreement." Catroppa v. Metal Bldg. Supply, Inc., 267 S.W.3d 812, 818 (Mo. Ct. App. 2008) (quoting Ullrich v. CADCO, Inc., 244 S.W.3d 772, 779 (Mo. Ct. App. 2008)). The cases cited by Defendant hold only that lost profits, not incidental and consequential damages generally, must have been "within the contemplation of the parties when the contract was made." Structural Polymer Group, Ltd. v. Zoltek Corp., 543 F.3d 987, 998 (8th Cir. 2008) (citing Farmer's Elec. Co-op., Inc.v . Missouri Dep't of Corrections, 59 S.W.3d 520, 522 (Mo. 2001)).

Having reviewed the First Amended Complaint, the Court finds that Plaintiff sufficiently has pled facts from which incidental and consequential damages might flow. Plaintiff, of course, is required to produce documents and calculations supporting his claim for damages, including consequential damages, as part of his disclosures under Fed. R. Civ. P. 26(a).

Count I: Claims for Breach of Warranty

Defendant asserts that Plaintiff is barred from recovery for breach of express warranty because Plaintiff violated a condition precedent to enforcement at issue, namely that the ATV be used for recreational use. Defendant further alleges that the sales contract limited the duration of implied warranties to the warranty period applicable to

8

the express warranties; and that Plaintiff's violation of the condition precedent, rendered the express warranty voided, thereby terminating the warranty period for implied warranties, as well. But Defendant's argument is based upon the language of the sales contract and express warranty, neither of which was attached to the First Amended Complaint, and as discussed above, the Court will not rely on such outside materials in considering a motion to dismiss.

Moreover, whether or not Plaintiff violated a condition precedent set by Defendant is a factual issue that is inappropriate for consideration on a motion to dismiss. As the Supreme Court held in Iqbal, upon considering a motion to dismiss a federal "court must accept as true all of the allegations in a complaint" that are applicable to legal conclusions. 129 S.Ct. at 1950. As such, Defendant's motion to dismiss the claims for breach of warranty will be denied.

Defendant also moves to dismiss Plaintiff's claim for breach of the implied warranty of merchantability on the ground that Plaintiff failed to allege that he utilized the ATV for its ordinary purpose. Defendant bases this argument on the fact that "the contracts explicitly condition enforceability upon use of the ATV for recreational purposes only." Once again, the argument must be rejected because it depends on outside matters and questions of fact that must, at this stage, be resolved in Plaintiff's favor.

Claim Under the Magnuson-Moss Warranty Act

Defendant moves to dismiss Plaintiff's claim for violation of the MMWA, because it does not meet the threshold of $50,000 and because the claim is dependent upon

warranty claims Defendant asserts are defective. Defendant also asserts that Plaintiff cannot recover punitive damages on this claim.

The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1). The Act provides for federal district court jurisdiction of certain claims. See 15 U.S.C. § 2310(d)(1)(B). However, the jurisdiction of such claims is subject to an amount in controversy requirement. The applicable portion of the Act provides, "No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). Claims for attorneys' fees are not included in the amount-in-controversy calculation. Dembski v. American Honda Motor Co., Inc., No. 06-6060-CV-SJ-REL, 2006 WL 2331178, *3 (W.D. Mo. Aug. 10, 2006).

The formula for calculating damages in a MMWA case is the price of a replacement vehicle, minus both the present value of the allegedly defective vehicle and the value that the plaintiff received from the use of the allegedly defective vehicle. Dembski, 2006 WL 2331178 at *2 (citing Schimmer v. Jaguar Cars, Inc., 384 F.3d 402, 406 (7th Cir. 2004); Gardynski-Leschuck v. Ford Motor Company, 142 F.3d 955, 957 (7th Cir. 1998); Millicevic v. Mercedes-Benz USA, LLC, 256 F.Supp.2d 1168, 1179-80 (D.Nev. 2003)). In support of its assertion, Defendant references the "Sales Deal

10

Summary," attached as Exhibit 1 to the First Amended Complaint, which shows a purchase price of $5,199.

Plaintiff correctly notes, however, that the Court may exercise supplemental jurisdiction over Plaintiff's MMWA claim, pursuant to 28 U.S.C. § 1367(a). 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Defendant removed this case to this Court pursuant to 28 U.S.C. § 1441, and has established the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant bases its objection to supplemental jurisdiction entirely on its assertion that the complaint should be dismissed in its entirety. As discussed above, however, the Court is not dismissing the complaint in its entirety, and inasmuch as the factual basis of the MMWA and MMPA claims are identical, the Court shall exercise its supplemental jurisdiction over Plaintiff's MMWA claim.

To the extent Defendant argues that the MMWA claim fails because Plaintiff's breach of warranty claims are deficient, the argument is rejected at this stage for the reasons stated above. In response to Defendant's motion, however, Plaintiff agrees that his claim for violation of the MMWA cannot support a request for punitive damages, and the request for punitive damages related to the MMWA claim will therefore be stricken.

Count II: Claim Under the Missouri Merchandising Practices Act

Defendant argues that Count II fails to state a claim for relief under the MMPA because Plaintiff employed the ATV for a business use, and because Plaintiff fails to allege his claims of fraud with the necessary particularity.

In support of the first argument, Defendant cites to Plaintiff's original Complaint filed in state court, which alleged that the ATV "suffered catastrophic failure in the Fall of 2007, while Mr. Stephens was utilizing the vehicle for his fur trapping business." Plaintiff's original Complaint also made a demand for the "loss of income to his fur trapping business when the vehicle was inoperable." Defendant also relies on the demand letter from Plaintiff's prior attorney, in which Plaintiff requested lost profits. Defendant argues that these prior judicial admissions impeach Plaintiff's allegations in his First Amended Complaint that the ATV was used "for his fur trapping hobby."

The MMPA prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce...." Mo.Rev.Stat. § 407.020.1. To state a claim for violation of the MMPA, a plaintiff must allege that he (1) leased or purchased a product sold or advertised by defendants; (2) primarily for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful by § 407.020. Mo.Rev.Stat. § 407.025 (providing a private cause of action for violations of the MMPA); Chochorowski v. Home Depot U.S.A., Inc., 295 S.W.3d 194, 197-98 (Mo.Ct.App. 2009). To satisfy the fourth element,

plaintiffs are required "to allege facts establishing that defendants used or employed a deception, fraud, false pretense, false promise, misrepresentation, unfair practice, concealment, suppression, or omission in connection with the lease" or purchase of the product. Id. (citing to § 407.020.1).

There is no evidence before the Court that the "primary purpose" of the ATV was for fur trapping, regardless of whether fur trapping was Plaintiff's business or hobby. Moreover, in the First Amended Complaint, Plaintiff alleged that he "purchased the vehicle primarily for personal, family or household purposes, and not for a business purpose." Accepting these facts as true, the Court will not dismiss Count II on this basis.

With regard to the pleading requirements, the Court notes that a number of District Courts in Missouri when reviewing claims under the MMPA, have applied the heightened standard of Federal Rule of Civil Procedure 9(b). See, e.g., Blake, et al. v. Career Education Corp., et al., No. 4:08CV00821 ERW, 2009 WL 140742, *1 (E.D. Mo. Jan. 20, 2009); Lavender v. Wolpoff & Abramson, L.L.P., No. 07-0015-CV-W-FJG, 2007 WL 2507752, at *2 (W.D. Mo. Aug.30, 2007) (quoting Courchene v. Citibank N.A., No. 06-4026-CV-C-NKL, 2006 WL 2192110, at *2 (W.D. Mo. Aug.1, 2006)); Owen v. General Motors Corp., No. 06-4067-CV-C-NKL, 2006 WL 2808632, at *7-*8 (W.D. Mo. Sept. 28, 2006); Mattingly v. Medtronic, Inc., 466 F. Supp. 2d 1170, 1173-74 (E.D. Mo. 2006); Baryo v. Philip Morris USA, Inc., 435 F. Supp. 2d 961, 968 (W.D. Mo. 2006).

Rule 9(b) requires the plaintiff to "state with particularity the circumstances constituting fraud." The Eighth Circuit has interpreted this rule to require plaintiffs to include "such matters as the time, place, and contents of false representations, as well as

13

the identity of the person making the misrepresentation and what was obtained or given up thereby" in their complaints. Drobnak v. Andersen Corp., 561 F.3d 778, 783 (8th Cir. 2009) (citations omitted); see also Parnes v. Gateway 2000, Inc., 122 F.3d 539, 549-50 (8th Cir. 1997) (to satisfy Rule 9(b), complaint must contain allegations about the who, what, where, when, and how of the fraud). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Commercial Prop. v. Quality Inns Int'l, 61 F.3d 639, 644 (8th Cir. 1995).

Defendant argues that Plaintiff fails to provide such details for any alleged violation of the MMPA, instead "making only vague, general statements of conduct with no identification of Arctic Cat employees or when the alleged conduct took place." In response, Plaintiff provides a list of statements taken from the First Amended Complaint which Plaintiff alleges identify the who, what, where, when, and how of the fraud.

Upon a review of the sections identified by Plaintiff, the Court finds that Plaintiff has failed to specify when the alleged conduct took place. Plaintiff uses only vague approximations of time, such as "while Plaintiff was visiting New Mexico," and repeated use of the word, "thereafter." Moreover, the Court is unable, from Plaintiff's pleading, to determine the timing, circumstances and actors related to Plaintiff's claims in paragraph 37(a) - (d). Without such details, Plaintiff's MMPA claims are nothing more than the sort of conclusory allegations that are insufficient to satisfy Rule 9(b). See id.; see also United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 889 (8th Cir. 2003) ("Because the plaintiffs did not provide any information regarding the identity of those who allegedly tampered with the monitors or when such tampering occurred, the

14

complaint is not specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.") (internal citation and quotation marks omitted).

As a result of Plaintiff's failure to comply with the heightened pleading requirements of Rule 9(b), the Court will grant Defendant's Motion to Dismiss with respect to Plaintiff's MMPA claim. However, because the Federal Rules of Civil Procedure instruct courts to liberally allow amendments to pleadings, Fed.R.Civ.P. 15(a)(2), this Court will grant Defendant's Motion without prejudice and grant Plaintiff leave to amend their complaint within twenty (20) days, for the sole purpose of bringing their MMPA claim into conformity with the heightened pleading requirements of Rule 9(b).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Arctic Cat Inc.'s Motion to Dismiss (Doc. 23) is **GRANTED in part**. Plaintiff's Missouri Merchandising Practices Act claim is **DISMISSED without prejudice** and Plaintiff is granted twenty (20) days from the date of this Memorandum and Order, to amend his complaint. Plaintiff's prayer for punitive damages in his Magnuson-Moss Warrant Act claim in Count I is stricken.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2011.